# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARRIE NELSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 21-2374-JAR-GEB |
| | ) |
| **KANSAS COUNTY ASSOCIATION** | ) |
| **MULTILINE POOL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE AND ORDER TO SHOW CAUSE

**To Plaintiff by and through her attorneys**:

Plaintiff Carrie Nelson filed this employment action under the Kansas Act Against Discrimination against defendant Kansas County Association Multiline Pool ("KCAMP") in this federal district court on August 25, 2021. Plaintiff cites as the sole basis for federal subject matter jurisdiction the diversity of citizenship of the parties. (Compl., ECF No. 1 at ¶4.)

Section 1332 of Title 28 of the United States Code requires complete diversity between all plaintiffs and all defendants.[1] For reasons explained below, the Court directs Plaintiff to show cause why the undersigned U.S. Magistrate Judge should not recommend the dismissal of this action for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

In the Complaint (ECF No. 1 at ¶4), Plaintiff alleges that diversity of citizenship

---

[1] 28 U.S.C. § 1332(a); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

exists. But the Complaint does not go so far as to properly allege the facts sufficient to allow the Court to determine whether diversity of citizenship exists in this case. The Complaint claims:

> 1. Plaintiff Carrie Nelson is a resident of Texas.
>
> 2. Defendant Kansas County Association Multiline Pool ("KCAMP") is a private Kansas entity and citizen of Kansas operating an insurance association and doing business from its headquarters in Shawnee County, Kansas.
> . . .
>
> 4. This Court has jurisdiction because the amount in controversy exceeds $75,000, there is complete diversity of citizenship, at all relevant times KCAMP transacted business in Kansas and committed the wrongful acts described below in Kansas, and KCAMP is a citizen of Kansas.

(ECF No. 1 at ¶¶ 1, 2, 4.)

As for the factual allegations regarding Plaintiff, as an individual, diversity jurisdiction is based upon her citizenship.[2] Citizenship determinations are based on an individual's domicile.[3] "Although similar in their meaning, 'residency' and 'domicile' are distinct concepts for purposes of diversity jurisdiction. 'Domicile is not necessarily synonymous with residence.'"[4] An individual "can reside in one place but be domiciled in

---

[2] *See generally* 28 U.S.C. § 1332.
[3] *C.C. v. Med-Data, Inc.*, No. 21-2301-DDC (D. Kan. July 23, 2021) (order to show cause) (citing *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (explaining that "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile[,]" and "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there").
[4] *Id.* (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted).

another."[5] "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[6] Because Plaintiff alleges only her state of residence, but not her domicile or citizenship, the Court is unable to determine proper jurisdiction.

Additionally, the allegations regarding KCAMP's citizenship are incomplete. If a business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[7] And, "for purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association."[8]

Plaintiff outlines KCAMP is a "private Kansas entity" which operates an "insurance association." (ECF No. 1 at 1.) This leaves the Court to guess whether the entity is, in fact, incorporated. If incorporated, Plaintiff must clearly outline the state of incorporation and principal place of business. If not incorporated, Plaintiff must allege the citizenship of KCAMP's individual members.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction exists.[9] And, the Court "must dismiss the cause *at any stage* of the proceedings

---

[5] *Id*. (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48) (other citations omitted).
[6] *Id*. (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48) (other citations omitted).
[7] *See* 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).
[8] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015).
[9] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

in which it becomes apparent that jurisdiction is lacking."[10] Here, the record does not contain sufficient information for this Court to determine whether subject matter jurisdiction exists.

The Court thus directs Plaintiff, by and through her counsel, to show cause, **within 14 days of this Order**, why the undersigned U.S. Magistrate Judge should not recommend this case for dismissal.

**IT IS THEREFORE ORDERED** that Plaintiff Carrie Nelson is directed to **show cause within 14 days** why the Court should not recommend dismissal of this matter for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2021.

                                                  s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge

---

[10] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").