IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARRIE NELSON,<br><br>      **Plaintiff,**<br><br>v.<br><br>KANSAS COUNTY ASSOCIATION MULTILINE POOL,<br><br>      **Defendant.** | Case No. 21-CV-2374-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Carrie Nelson brings this diversity action against her former employer, Defendant Kansas County Association Multiline Pool ("KCAMP"), seeking damages under the Kansas Act Against Discrimination ("KAAD") for unlawful discrimination, harassment, and retaliation.  Plaintiff asserts that the amount in controversy exceeds $75,000 and her prayer for relief includes "compensatory damages, punitive damages, attorney fees, costs, pre- and post-judgment interest, and all other relief this Court deems just and proper."[1]  Before the Court is Defendant KCAMP's Partial Motion to Dismiss (Doc. 10), seeking dismissal under Fed. R. Civ. P. 12(b)(6) as to Plaintiff's requests for punitive damages, attorney fees, and non-wage compensatory damages exceeding $2,000.  Defendant also requests that the Court order Plaintiff to amend her complaint to conform to the damages limitations in the KAAD.  The motion is fully briefed and the Court is prepared to rule.  For the reasons explained below, Defendant's partial motion to dismiss, which this Court construes as a motion to strike, is granted in part and denied in part.

---

[1] Doc. 6 at 9.

**I.  Standard**

Under Fed. R. Civ. P. 12(b), a party may assert certain defenses to "a claim for relief" by motion, including failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Plaintiff argues that Defendant's motion to dismiss specific categories of damages from her prayer for relief is inappropriate under Rule 12(b)(6) because the motion does not assert that Plaintiff fails to state a claim for relief under the KAAD.  The Court agrees and instead construes Defendant's motion as a motion to strike under Rule 12(f), as requested in the reply.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]  The Court may act on its own, or on a motion made by a party.[3]  Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally disfavored.[4]  Because motions to strike are disfavored, "[t]he court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[5]  "The decision to grant a motion to strike is within the district court's sound discretion."[6]

**II.  Discussion**

Plaintiff's only claim in the Amended Complaint arises under the KAAD, a Kansas statute.  Plaintiff concedes in her response that punitive damages and attorney fees are not

---

[2] Fed. R. Civ. P. 12(f).

[3] *Id*.

[4] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998); *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005).

[5] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[6] *Kendall State Bank v. W. Point Underwriters, LLC*, No. 10-2319-JTM, 2012 WL 3890264, at *2 (D. Kan. Sept. 7, 2012) (citation omitted).

recoverable for violations of the KAAD.[7]  Moreover, Plaintiff does not dispute that the KAAD limits her recovery to no more than $2,000 in non-wage compensatory damages.[8]  Instead, Plaintiff contends that a motion seeking to dismiss her "particular measure of damages is premature at the motion to dismiss stage before any discovery has been conducted."[9]  Defendant replies that the danger of not ruling on its motion is that Plaintiff's allegations may "open[] the door to discovery on Defendant's net worth and financials" even though punitive damages and attorney fees are not recoverable on Plaintiff's claim as a matter of law.[10]  The Court agrees.  Ruling that Plaintiff may not obtain punitive damages, non-wage consequential damages in excess of $2,000, or attorney fees on her KAAD claim is not premature.  This is not a case where the defendant is merely arguing that the plaintiff's factual allegations are insufficient to support these damage awards.  Instead, Plaintiff admittedly cannot recover certain items listed in her prayer for relief as a matter of law and allowing discovery is likely to cause prejudice to Defendant.  Accordingly, this is a case where immaterial and impertinent matter should be stricken from Plaintiff's pleading before discovery ensues.

Because Plaintiff cannot recover punitive damages or attorney fees on her KAAD claim, her request in the Amended Complaint for these damages must be stricken.  Plaintiff shall file a Second Amended Complaint by January 10, 2022 that omits these items from her prayer for relief.  But the Court declines to strike Plaintiff's request for compensatory damages.  As

---

[7] K.S.A. § 44-1005(k); *see Parsells v. Manhattan Radiology Grp., LLP*, 255 F. Supp. 2d 1217, 1235–36 (D. Kan. 2003) (surveying Kansas law and concluding that punitive damages are not available under the KAAD in federal court); *Neustrom v. Union Pac. R. Co.*, 156 F.3d 1057, 1067 (10th Cir. 1998) ("Under Kansas law, the prevailing party in a lawsuit may recover attorneys' fees where such is specifically authorized by statute or contract." (quoting *Mo. Pac. R.R. v. Kan. Gas & Elec. Co*., 862 F.2d 796, 801 (10th Cir. 1988))).

[8] K.S.A. § 44-1005(k); *Parsells*, 255 F. Supp. 2d at 1236.

[9] Doc. 14 at 2.

[10] Doc. 15 at 2.

Defendant concedes, Plaintiff may recover consequential damages under the KAAD; however, she is subject to the $2,000 statutory cap on non-wage consequential damages, which she acknowledges in the response.  Defendant asks that Plaintiff be required to sufficiently plead that, despite the statutory cap on non-wage compensatory damages, the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction.  The Court declines to provide specific direction to Plaintiff on this point given the lack of sufficient briefing by the parties on this issue, but cautions Plaintiff that when drafting the Second Amended Complaint she should be mindful of the standards that govern pleading damages in excess of the amount in controversy requirement in 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant KCAMP's Partial Motion to Dismiss (Doc. 10), which this Court construes as a motion to strike, is **granted in part and denied in part**.  Plaintiff shall file a Second Amended Complaint by **January 10, 2022,** in accordance with this Order.

**IT IS SO ORDERED.**

Dated: December 30, 2021

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE